# EXHIBIT A



## Notice of Service of Process

**null / ALL**
**Transmittal Number: 23460602**
**Date Processed: 07/09/2021**

| | |
|---|---|
| **Primary Contact:** | Jared Brandman<br>National Vision, Inc<br>2435 Commerce Ave<br>Bldg 2200<br>Duluth, GA 30096-4980 |
| **Electronic copy provided to:** | Beth Dobson<br>Amy Auffant |
| **Entity:** | National Vision, Inc.<br>Entity ID Number 0469093 |
| **Entity Served:** | National Vision, Inc. d/b/a America's Best Contacts & Eyeglasses |
| **Title of Action:** | Jeanne Ward vs. National Vision, Inc. d/b/a America's Best Contacts & Eyeglasses |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Davidson County Chancery Court , TN |
| **Case/Reference No:** | 21-0621-IV |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 07/07/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Christopher Eads<br>615-622-6060 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com



| STATE OF TENNESSEE<br>20ᵀᴴ JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS** | CASE FILE NUMBER<br>21-0621-IV |
|---|---|---|
| **PLAINTIFF**<br>JEANNE WARD | **DEFENDANT**<br>NATIONAL VISION, INC. d/b/a AMERICA'S BEST CONTACTS & EYEGLASSES | |

**TO:** (NAME AND ADDRESS OF DEFENDANT)

NATIONAL VISION, INC. d/b/a AMERICA'S BEST
CONTACTS & EYEGLASSES
c/o Prentice-Hall Corporation System, Inc.
2908 Poston Avenue
Nashville, TN 37203-1312

Method of Service:
- [ ] Certified Mail
- [✓] Davidson Co. Sheriff
- [ ] *Comm. Of Insurance
- [ ] *Secretary of State
- [ ] *Out of County Sheriff
- [ ] Private Process Server
- [ ] Other

List each defendant on a separate summons.    *Attach Required Fees

**YOU ARE SUMMONED TO DEFEND A CIVIL ACTION FILED AGAINST YOU IN CHANCERY COURT, DAVIDSON COUNTY, TENNESSEE. YOUR DEFENSE MUST BE MADE WITHIN THIRTY (30) DAYS FROM THE DATE THIS SUMMONS IS SERVED UPON YOU. YOU MUST FILE YOUR DEFENSE WITH THE CLERK OF THE COURT AND SEND A COPY TO THE PLAINTIFF'S ATTORNEY AT THE ADDRESS LISTED BELOW. IF YOU FAIL TO DEFEND THIS ACTION BY THE ABOVE DATE, JUDGMENT BY DEFAULT CAN BE RENDERED AGAINST YOU FOR THE RELIEF SOUGHT IN THE COMPLAINT.**

| Attorney for plaintiff or plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br>Christopher Eads<br>1400 North Mount Juliet Rd.<br>Suite 206<br>Mount Juliet, TN 37122 | **FILED, ISSUED & ATTESTED**<br>FOR CLERK USE ONLY      JUL - 1 2021<br>**MARIA M. SALAS, Clerk and Master**<br>By:        1 Public Square<br>            Suite 308<br>            Nashville, TN 37201<br>            _[signature]_<br>            Deputy Clerk & Master |
|---|---|

**NOTICE OF DISPOSITION DATE**

The disposition date of this case is twelve months from date of filing. The case must be resolved or set for trial by this date or it will be dismissed by the Court for failure to prosecute pursuant to T.R.C.P. 41.02 and Local Rule 18.

If you think the case will require more than one year to resolve or set for trial, you must send a letter to the Clerk and Master at the earliest practicable date asking for an extension of the disposition date and stating your reasons. Extensions will be granted only when exceptional circumstances exist.

| **TO THE SHERIFF:** | **DATE RECEIVED** |
|---|---|
| | |
| | **Sheriff** |

***Submit one original plus one copy for each defendant to be served.

♿ADA Coordinator, Maria M. Salas (862-5710)

| RETURN ON SERVICE OF SUMMONS | |
|---|---|
| I hereby return this summons as follows: (Name of Party Served) _____ | |
| ☐ Served _____<br>☐ Not Served _____ | ☐ Not Found _____<br>☐ Other _____ |
| DATE OF RETURN: | By: _____<br>Sheriff/or other authorized person to serve process |

| RETURN ON SERVICE OF SUMMONS BY MAIL |
|---|

I hereby certify and return that on the _____ day of _____, 20___, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case _____ to the defendant _____. On the _____ day of _____, 20___, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20___.

The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | Signature of plaintiff, plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| **Sworn to and subscribed before me on this _____ day of _____, 20___.**<br>Signature of ____ Notary Public or ____ Deputy Clerk<br><br>My Commission Expires: | |
| **NOTICE OF PERSONAL PROPERTY EXEMPTION**<br>TO THE DEFENDANT(S):<br>    Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.<br><br>    Mail list to: Clerk & Master<br>                    1 Public Square<br>                    Suite 308<br>                    Nashville TN 37201<br><br>Please state file number on list. | ATTACH<br>RETURN<br>RECEIPT<br>HERE<br>(IF APPLICABLE) |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, Maria M. Salas, Clerk & Master of the Chancery Court in the State of Tennessee, Davidson County, do certify this to be a true and correct copy of the original summons issued in this case. | MARIA M. SALAS, Clerk & Master<br><br>By: _____<br>                              D.C. & M. |

COPY

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

FILED
2021 JUL -1 PM 2: 34

CLERK & MASTER
DAVIDSON CO. CHANCERY CT.

_____ D.C.&M.

| | |
|---|---|
| JEANNE WARD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-0624-IV |
| | ) JURY DEMAND |
| NATIONAL VISION, INC. d/b/a | ) |
| AMERICA'S BEST CONTACTS & | ) |
| EYEGLASSES, | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Jeanne Ward, for her cause of action against Defendant National Vision, Inc., respectfully states as follows:

### PARTIES

1. Plaintiff, Jeanne Ward, is a citizen and resident of Nashville, Davidson County Tennessee and has been so at all times relevant to the facts of this case.

2. Upon information and belief, Defendant National Vision, Inc. d/b/a America's Best Contacts & Eyeglasses (hereinafter referred to as "National Vision" or "Defendant") is a for profit corporation organized under the laws of Georgia with its principal place of business at 2435 Commerce Ave., Building 2200, Duluth, GA, 30096. National Vision was Plaintiff's employer and has an excess of 500 employees during all relevant times involved in this case. National Vision, may be served with process through its registered agent for service of process, The Prentice-Hall Corporation System, Inc., 2908 Poston Avenue, Nashville, TN 37203-1312.

## JURISDICTION AND VENUE.

3. Jurisdiction and venue are proper in this Court. The acts stated herein occurred within Davidson County, Tennessee.

## FACTS

4. Plaintiff, a female, was employed by National Vision from May of 2018 until May 14, 2021. She was employed as an optician tech at Defendant's 4674 Lebanon Pike, Hermitage, Tennessee, 37076 location.

5. At all times relevant to the allegations in this Complaint, the General Manager was Desiree Coffman and the Assistant Manager was Harold Jay Taylor. Both managers and Plaintiff worked exclusively at Defendant's Hermitage, Tennessee store.

6. Plaintiff's employment with Defendant started out in Ohio. However, Plaintiff was transferred to the Hermitage, Tennessee location and started her employment in Tennessee in June of 2020.

7. During the time of Plaintiff's employment with Defendant, Plaintiff was subjected to extreme sexual harassment and a sexually hostile work environment. The sexual harassment and sexually hostile work environment occurred from approximately December 31, 2020 until approximately April 20, 2021.

8. The sexual harassment and sexually hostile work environment at the Defendant's Hermitage store were caused primarily by one of Plaintiff's supervisors, Assistant Manager, Harold Jay Taylor.

9. Plaintiff's employment with Defendant required her to be on the floor for most of her shift. Therefore, the harassment was witnessed by many of the employees at the Hermitage location. Importantly, General Manager Desiree Coffman witnessed the extreme sexual

harassment to Plaintiff and even, at times, acquiesced and encouraged the harassment. These individuals, who worked on the floor with Plaintiff, consistently severely sexually harassed Plaintiff by numerous actions and statements.

10. On December 31, 2020, Plaintiff was at a work event and Harold Jay Taylor, despite Plaintiff's numerous objections, grabbed Plaintiff's hand and forced her to dance with him in front of her co-workers.

11. On multiple occasions and in front of co-workers, Harold Jay Taylor approached Plaintiff from behind and placed his chest on her back while she was sitting in her chair looking at the computer screen. At the same time, Harold Jay Taylor would place his left hand on top of Plaintiff's left hand and place his right hand on Plaintiff's right shoulder. Each time, Harold Jay Taylor would massage Plaintiff's left hand.

12. Harold Jay Taylor, without being asked and in a sexual manner, told Plaintiff that he only wears boxers at home.

13. Harold Jay Taylor would stare at Plaintiff and follow her around the store.

14. Upon information and belief, Harold Jay Taylor's wife worked at Defendant's Clarksville location and Plaintiff was instructed not to answer calls from that location as Harold Jay Taylor's wife does not want to hear Plaintiff's name as "she hears it too much at home."

15. The next day following Plaintiff's ban from answering calls from the Clarksville location, General Manager Desiree Coffman told Plaintiff in front of other co-workers that Harold Jay Taylor had left his wife. When Plaintiff asked why, Ms. Coffman responded, "He left his wife for you as we all know Jay has a thing for you."

16. Plaintiff complained multiple times about the inappropriate conduct and statements that made her feel uncomfortable to General Manager, Desiree Coffman. Also, Plaintiff demanded

that Ms. Coffman stop the continuous sexual harassment and the sexual hostile work environment she was subjected to immediately after Ms. Coffman participated in the harassment as referenced in the preceding paragraphs. Ms. Coffman did nothing.

17. Approximately a week later, Harold Jay Taylor dropped a chart at Plaintiff's feet when she was wearing a dress and asked Plaintiff to pick it up for him so that he could watch Plaintiff bend over in a dress.

18. On the same day, General Manager Desiree Coffman told Plaintiff that she needed to "wear that dress again as Jay really likes it."

19. Harold Jay Taylor later asked Plaintiff to drop a chart for him so that a co-worker named Chelsea would bend over and pick it up. Chelsea was wearing a dress that day.

20. Harold Jay Taylor told Plaintiff that he had purchased a new wardrobe that Plaintiff would really like because Plaintiff would be able to see a lot of his chest hair.

21. Harold Jay Taylor, in a sexual manner and while placing his hand on Plaintiff's leg, told Plaintiff that if she was nice to him that he would get Plaintiff health insurance through Defendant.

22. Harold Jay Taylor also told Plaintiff, without being asked, that he was "pissing blood out of [his] penis probably because [he] was thinking about Chelsea last night."

23. Next, Plaintiff had identified mislabeled job tickets that resulted in Plaintiff correcting errors that had been imputed on Defendant's software and stated, "this is a hot mess." To Plaintiff's surprise, Harold Jay Taylor was standing right behind her and responded, "I would like to see you in a hot mess."

24. On approximately six (6) separate occasions, Harold Jay Taylor came up behind Plaintiff and start massaging Plaintiff's shoulders even after Plaintiff told him to stop touching her.

On three (3) of those occasions, Harold Jay Taylor intentionally placed his crotch area on Plaintiff's buttocks while massaging her shoulders.

25. On April 20, 2021, Plaintiff reported to work for her normal shift and once again, Harold Jay Taylor started rubbing Plaintiff's shoulders without her permission or consent and, on this occasion, he moved his right hand on to Plaintiff's breast and grabbed Plaintiff's right breast. Plaintiff immediately turned around and Harold Jay Taylor responded, "I wore this shirt just for you."

26. The comments and actions of Harold Jay Taylor are too numerous to list herein and will be further delineated in discovery and at trial.

27. Plaintiff again complained about the continuous and extreme sexual harassment and the sexually hostile work environment to General Manager, Desire Coffman on April 20, 2021.

28. Prior to making this April 20, 2021 complaint, General Manager, Desiree Coffman, Ms. Coffman had offered Plaintiff a similar position at Defendant's Hendersonville, Tennessee location as Ms. Coffman was leaving to work at the Hendersonville location.

29. After the complaint was made, General Manager, Desiree Coffman revoked the offer for Plaintiff to join the Hendersonville location and told Plaintiff that another co-worker was now getting that job instead of Plaintiff.

30. Shortly thereafter, Plaintiff felt forced to resign from her employment. Plaintiff received text messages and verbal statements from co-workers that contained curse words and blamed Plaintiff for complaining about Harold Jay Taylor's inexcusable behavior. Plaintiff's resignation was a constructive discharge.

31. Despite Plaintiff's complaints to General Manager, Desiree Coffman about the continuous sexual harassment and the sexual hostile work environment, the harassment continued.

General Manager, Desiree Coffman failed to take any action in response to Plaintiff's initial complaints.

32. Management level employees of Defendant were involved in the harassing conduct and are strictly liable for this conduct.

33. The harassing behavior was open and obvious to other managers.

34. Defendant failed to protect or take any steps to address the sexual harassment that Plaintiff was subjected to.

35. Defendant failed to take any corrective action to stop any sexual harassment or sexually hostile work environment from occurring and knowingly subjected Plaintiff to this sexually harassing conduct.

36. Defendant's behavior was reckless and intentional conduct with a complete disregard to the pervasive and severe sexual harassment of Plaintiff.

37. During the time of the sexual harassment and sexually hostile work environment, Plaintiff felt that she needed to subject herself to this sexual harassment and sexually hostile work environment in order to keep her job. Plaintiff also believed that she had exhausted all her options by making an initial complaint to General Manager, Desiree Coffman because Plaintiff believed that reporting the conduct to her supervisor/manager was what she was required to do.

38. The actions of Defendant have caused Plaintiff severe mental injury and emotional distress. The sexual harassment, sexually hostile work environment and sex discrimination have caused Plaintiff to experience anxiety, loss of sleep, extreme embarrassment, effect on mood, crying spells, anger, feeling of hopelessness, financial stress, worry, inability to trust men and depression, among other severe mental injuries.

## COUNT I – SEXUAL HARASSMENT, SEXUALLY HOSTILE WORK ENVIORNMENT AND SEXUAL DISCRIMINATION UNDER THE TENNESSEE HUMAN RIGHTS ACT

39. Plaintiff incorporates and restates all the allegations listed in preceding paragraphs of the Complaint above as if fully set forth herein.

40. National Vision is an "employer" as defined by Tennessee Human Rights Act and at all relevant times had an excess of five hundred (500) employees.

41. The sexual harassment, sexually hostile work environment and sex discrimination provided to Plaintiff by Defendant constituted discriminatory practices as defined in the Tennessee Human Rights Act as provided in T.C.A. § 4-21-102 and T.C.A. § 4-21-401.

42. The sexual harassment, sexually hostile work environment and sex discrimination due to Plaintiff's sex violates the Tennessee Human Rights Act.

43. There was a proximate casual connection between the sexual harassment and sexually hostile work environment at National Vision that Plaintiff suffered at her place of employment, associated with her female gender. The sexual harassment and sexually hostile work environment demands on Plaintiff were specifically because she was a female. The unwanted and unwelcomed sexual harassment and sexually hostile work environment suffered by Plaintiff at National Vision affected the terms, conditions, and privileges of her employment solely based on her sex.

44. Defendant had full knowledge of the harassing actions and sexually hostile work environment. Plaintiff reported these issues to her General Manager who did nothing to address these issues or stop them from occurring. Defendant acted unreasonably and inappropriately in its failure to respond to, and even at times participate in, the severe sexual harassment and sexually hostile work environment that Plaintiff was subject to at National Vision.

45. The sexual harassment, sexually hostile work environment and sex discrimination to which Plaintiff was subjected constituted a grossly, unreasonable, abusive, and offensive work-related environment. This adversely affected Plaintiff's ability to do her job.

46. National Vision did not take steps to sufficiently control or stop the sexual harassment and sexually hostile work environment. Plaintiff was expected and required to work within the environment provided by National Vision as described in this Complaint.

47. Plaintiff is entitled to compensatory damages including interest, punitive damages, damages for humiliation and embarrassment and the mental injury proximately caused by the sexual harassment, sexually hostile work environment and sex discrimination at National Vision. The actions of Defendant have caused Plaintiff severe emotional injury. The sexual harassment, sexually hostile work environment and sex discrimination have caused Plaintiff to experience anxiety, loss of sleep, extreme embarrassment, effect on mood, crying spells, anger, feeling of hopelessness, financial stress, inability to trust men and depression, among other severe mental injuries. Further, under the Tennessee Human Rights Act Plaintiff is entitled to attorney's fees and costs for this litigation.

## COUNT II – RETALIATION UNDER THE TENNESSEE HUMAN RIGHTS ACT

48. Plaintiff incorporates and restates all the allegations listed in preceding paragraphs of the Complaint above as if fully set forth herein.

49. In complaining about the sexual harassment, sexually hostile work environment and sex discrimination, Plaintiff was engaged in protected activity in that she was opposing a practice that has been declared discriminatory by the Tennessee Human Rights Act.

50.     Defendant knew of Plaintiff's exercise of her protected rights under the Tennessee Human Rights Act as Plaintiff's complaints were made directly to the General Manager for Defendant's Hermitage location.

51.     Defendant took a materially adverse action against Plaintiff when the General Manager revoked the job offer for Plaintiff to work at the Hendersonville location after she complained about the sexual harassment, sexually hostile work environment and sex discrimination.

52.     There is a causal connection between the revoked job offer and Plaintiff making the complaints about the sexual harassment, sexually hostile work environment and sex discrimination as the revocation was made immediately after the second complaint to the General Manager was made and Plaintiff was given no reason for the revoked job offer. This was clear retaliation by the Defendant against Plaintiff in violation of T.C.A. § 4-21-301.

## **COUNT III – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

53.     Plaintiff incorporates and restates all the allegations listed in preceding paragraphs of the Complaint above as if fully set forth herein.

54.     Plaintiff asserts that Defendant is responsible for the negligent infliction of emotional distress to the Plaintiff under the theories of Agency, Respondent Superior and Vicarious Liability.

55.     The actions of National Vision, their representatives, employees and agents were negligent and constituted negligent infliction of emotional distress. The abusive sexual harassment and sexually hostile work environment constituted negligent behavior of National Vision that proximately caused injury to the Plaintiff as described above.

56. The allegations set forth in this Complaint have caused serious mental injury to Plaintiff, caused by the Defendant. The negligent acts of Defendant have caused Plaintiff to experience anxiety, loss of sleep, extreme embarrassment, effect on mood, crying spells, anger, feeling of hopelessness, financial stress, inability to trust men and depression, among other severe mental injuries.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff incorporates and restates all the allegations listed in preceding paragraphs of the Complaint above as if fully set forth herein.

58. Plaintiff asserts that Defendant is responsible for the intentional infliction of emotional distress to the Plaintiff under theories of Agency, Respondent Superior and Vicarious Liability.

59. The actions of National Vision, their representatives, employees and agents were intentional and/or reckless. The abusive sexual harassment and sexually hostile work environment constituted intentional and reckless behavior of National Vision. Defendant's behavior is outrageous and is not to be tolerated by civilized society.

60. The allegations set forth in this Complaint have caused serious mental injury to Plaintiff, caused by the Defendant. The intentional and reckless acts of Defendant have caused Plaintiff to experience anxiety, loss of sleep, extreme embarrassment, effect on mood, crying spells, anger, feeling of hopelessness, financial stress, inability to trust men and depression, among other severe mental injuries. Punitive damages are appropriate due to this outrageous conduct as more fully described above and in order to appropriately punish the Defendant for the Defendant's conduct.

**WHEREFORE,** premises considered, Plaintiff prays:

1. That service of process issue and be served upon the Defendant requiring them to answer within the time required by law;

2. Plaintiff demands damages for back pay, front pay, punitive damages, compensatory damages, interest, damages for humiliation and embarrassment and other injuries proximately caused by the sexual harassment, sex discrimination and sexually hostile work environment at National Vision;

3. Plaintiff also demand all compensatory and punitive damages available against National Vision for their actions as outline in the Complaint constituting Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress;

4. Plaintiff demands compensatory damages against National Vision in an amount to be determined by the trier of fact, but not in excess of $750,000.00. Plaintiff reserves the right to amend the Complaint and monetary ad damnum to increase or decrease the damages based on appropriate factors;

5. That punitive damages be awarded in favor of Plaintiff against National Vision in an amount not to exceed $750,000.00;

6. That Plaintiff be awarded attorney's fees, litigation expenses and costs for the prosecution of this claim as provided under Tennessee law specifically under the Tennessee Human Rights Act;

7. That a jury be assembled to try this cause; and

8. For any further and general relief to which Plaintiff may be entitled from this Court.

Respectfully submitted,

THE LAW OFFICES OF CHRISTOPHER EADS, PLLC

By: /s/ Christopher Eads

Christopher Eads, BPR #034589
1400 N Mount Juliet Rd, Suite 206
Mount Juliet, TN 37122
Telephone: (615) 622-6060
Facsimile: (615) 541-2481
Email: cre@chriseadslegal.com
*Attorney for Plaintiff*